UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRY HALAJIAN, | ) | 1:10cv01358 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| THE CITY OF FRENSO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Barry Halajian ("Plaintiff"), appearing pro se, filed the instant civil rights action on July 30, 2010. He names the City of Fresno, Fresno Police Chief Jerry Dyer, Fresno Police Officer Matt Pantages, Frontier Auto Body & Towing and Chris Clark as Defendants. Plaintiff paid the filing fee and is therefore not appearing in forma pauperis.

**DISCUSSION**

A.  Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a

1

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

B.   Plaintiff's Allegations

According to his complaint, Defendant Fresno Police Officer Matt Pantages made a traffic stop on October 29, 2009. Plaintiff was driving a 2004 Chevrolet pick up truck. When Officer Pantages discovered that Plaintiff had a suspended license, he called a tow truck. Plaintiff's truck was towed by Defendant Frontier Auto Body & Towing. Plaintiff alleges that Defendant Officer Pantages acted beyond the scope of his authority in having Plaintiff's vehicle towed. He also alleges that Defendants City of Fresno and Police Chief Dyer directed Officer Pantages to take actions that were beyond the scope of his authority and engage in unlawful activities. Plaintiff alleges that Defendants Chris Clark[1] and Frontier Auto Body & Towing acted under color of law and under the direction of the City of Fresno.

Plaintiff contends that the act of towing his truck violated the Fourth Amendment based on his belief that he does not fit the definitions of those required to have a driver's license. Specifically, he contends that he has a "right to travel on the highway, unless [he] transport[s] persons or property for hire." Complaint, at 7. Plaintiff also alleges that the towing of his vehicle deprived him of due process of law.[2]

Even if he was required to have a license, Plaintiff contends that the suspension was invalid because he was not afforded a hearing in violation of due process.

Plaintiff filed a complaint in the Fresno County Superior Court in November 2009. The court sustained Defendants' demurrer and dismissed the complaint because Plaintiff failed to name the City of Fresno and failed to exhaust his administrative remedies. He alleges that Defendants "refused to engage in any kind of dialog or do anything but demand money and

---

[1] According to an attachment to the complaint, Defendant Chris Clark is the co-owner of Frontier Auto Body & Towing. It is unclear whether he actually participated in the towing of Plaintiff's vehicle.

[2] Plaintiff does not challenge the validity of the traffic stop.

2

compliance with what they consider to be the law in California." Complaint, at 8. Plaintiff alleges that he has exhausted his administrative remedies.[3]

Plaintiff requests that his truck be returned and that he be awarded damages in the amount of $75,000.

C.   Discussion

 1.   *Driver's License Requirement*

Much of Plaintiff's complaint is dedicated to supporting his argument that he did not need a driver's license. According to his reading of various federal and state statutes, he contends that a license is only required for drivers who are transporting persons or property for hire. He contends that he is "not involved in the transportation of persons or property for hire," and therefore did not need a license. Plaintiff therefore believes that Officer Pantages did not have authority to have his vehicle towed.

Plaintiff is advised that California law requires that a person may not drive a motor vehicle on a highway unless the person holds a valid driver's license. Cal. Veh. Code § 12500(a). California law further provides that "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, ... the peace officer may ... immediately arrest that person and cause the removal and seizure of that vehicle ...." Cal. Veh. Code § 14602.6(a).

Therefore, pursuant to California law, Plaintiff was required to have a driver's license and Officer Pantages was not acting beyond the scope of his authority in towing Plaintiff's truck upon discovering that he was driving with a suspended license. He is therefore unable to state a cause of action based on these facts.

 2.   *Violation of Fourth Amendment*

Plaintiff argues that whether or not he was required to have a license, the towing of his vehicle violated the Fourth Amendment.

---

[3] There may be preclusive effects from Plaintiff's state law action, which is not described in detail in the complaint.

3

1    The impoundment of an automobile is a seizure under the Fourth Amendment. Miranda
2 v. City of Cornelius, 429 F.3d 858 (9th Cir.2005). "An impoundment may be proper under the
3 community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver
4 from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an
5 exposed or public location." Id. at 865.
6    Plaintiff admits that he was driving on a suspended license. He was therefore unable to
7 lawfully operate the vehicle and the resulting seizure does not violate the Fourth Amendment.
8 See also, South Dakota v. Opperman, 428 U.S. 364, 369 (1976) ("The authority of police to seize
9 and remove from the streets vehicles impeding traffic or threatening public safety and
10 convenience is beyond challenge."); Mohammed El v. Opdyke, 2004 WL 1465692, *3
11 (N.D.Cal.2004) (police officer did not violate plaintiff's constitutional rights by impounding
12 plaintiff's vehicle, as authorized under California law, when plaintiff was operating vehicle
13 without valid driver's license).
14    Plaintiff is therefore unable to state a cause of action under the Fourth Amendment.
15    To the extent that Plaintiff suggests that the decision to suspend his license was invalid
16 because he was not afforded a hearing, the issue will be discussed below.
17    3.    *Due Process*
18        a.    License Suspension Hearing
19    Plaintiff suggests that the suspension is invalid because he was not afforded a hearing.
20 The named Defendants, however, were not involved in any administrative process related to the
21 suspension. The California Department of Motor Vehicles is charged with investigations and
22 hearings relating to suspension of a person's license to operate a motor vehicle. Cal. Veh. Code
23 § 13800, et seq.
24    Moreover, Plaintiff's allegation is nothing more than a one sentence conclusory statement
25 and does not satisfy the requirements of Federal Rule of Civil Procedure 8. A complaint must
26 contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal
27 Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of
28 the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

Plaintiff's statement that he did not receive a hearing is insufficient to satisfy Rule 8. He fails to allege why he believes he was not afforded a hearing. Dixon v. Love, 431 U.S. 105, 112 (1977) (due process clause applies to suspension of licenses by the state).[4] Plaintiff will, however, be given leave to amend this claim.

        b.        Hearing Related to Towing of Vehicle

Due process requires that certain procedures be followed before an individual can be deprived of property interests. Mathews v. Eldridge, 424 U.S. 319, 332 (1976). To determine what procedures are required, the Court balances the competing government and private interests. Scofield v. City of Hillsborough, 862 F.2d 759, 762 (9th Cir. 1988). The uninterrupted use of one's vehicle is a significant and substantial private interest, though this interest is burdened by numerous rules and regulations governing the use of the vehicle. Id.

Although Plaintiff alleges that the towing of his car was a due process violation, he does not provide facts to further explain his claim and it therefore fails to satisfy Rule 8. Plaintiff will be given leave to amend this claim.

        4.        *Defendants Frontier Auto Body & Towing and Chris Clark*

The towing company and its employee have a good faith defense for following Officer Pantages' instructions, even if there was a constitutional violation. Clement v. City of Glendale, 518 F.3d 1090, 1096-97 (9th Cir. 2008). Once Officer Pantages discovered that Plaintiff was

---

[4] Plaintiff is advised that the California Department of Motor Vehicles, as a state agency, is immune from suit under the Eleventh Amendment, Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), and is not a 'person' within the meaning of section 1983, Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

driving with a suspended license, he was authorized under California law to impound Plaintiff's vehicle without violating the Fourth Amendment. Plaintiff's complaint does not allege that Defendants Frontier and Clark had any reason to suspect that there would be a constitutional violation. Id. (explaining that the responsibility for providing notice falls to the police department).

Plaintiff is therefore unable to state a claim against Defendants Frontier Auto Body & Towing and Chris Clark.

5. *Defendants City of Fresno and Jerry Dyer*

Finally, Plaintiff's allegations against Defendants City of Fresno and Jerry Dyer are insufficient to state a claim. Plaintiff does not allege that either was directly involved in the impoundment of his truck, but instead contends that Defendant Dyer directed Officer Pantages to take actions that were beyond the scope of his authority and directed him to engage in unlawful behavior. Similarly, he alleges that the City of Fresno acted beyond the scope of its authority.

a. Chief Dyer

There is no pure respondeat superior liability under section 1983. A supervisor is liable only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to protect them." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir.2007).

Although Plaintiff alleges that Chief Dyer "directed" Officer Pantages to act unlawfully, his allegation is nothing more than a conclusion. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

b. City of Fresno

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, Plaintiff makes no such allegations. Although the Court questions whether Plaintiff can do so, the Court will grant him leave to amend his allegations as to Defendants City of Fresno and Chief Dyer.

D.   Amendment

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. It must contain a short and plain statement of

his claims and must clearly set forth the causes of action alleged against each Defendant.  If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated: __August 5, 2010__          _____/s/ Dennis L. Beck_____
                                                          UNITED STATES MAGISTRATE JUDGE