IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY HALAJIAN,<br><br>　　　　Plaintiff,<br>　　v.<br><br>THE CITY OF FRESNO, et al.,<br><br>　　　　Defendants. | 1:10-CV-1358 AWI DLB<br><br>ORDER RE: MOTIONS TO DISMISS<br><br>(Doc. No. 23 and 32.) |

## INTRODUCTION

On October 1, 2010, Plaintiff Barry Halajian ("Plaintiff") filed a Second Amended Complaint ("SAC") against Defendants The City of Fresno ("The City"), Frontier Auto Body & Towing ("Frontier"), Chris Clark ("Clark"), Jerry Dyer ("Dyer") and Officer Matt Pantages ("Officer Pantages"). Before the Court are two motions to dismiss. The City, Dyer and Officer Pantages move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims are barred under the doctrine of res judicata. Frontier and Clark move to dismiss pursuant to Rule 12(b)(6) under the same res judicata theory. For the reasons that follow, both motions will be granted.

## BACKGROUND

1. Fresno County Superior Court Case No. 09CECG04326

On November 25, 2009, Plaintiff filed an action for replevin against Frontier in Fresno

County Superior Court.[1]  (Doc. 32-2 at 6.)  In the action, Plaintiff alleged that on October 22, 2009, Frontier and an accomplice wrongfully took and detained his vehicle.  Id. at 8-9.  On June 4, 2010, the court sustained Frontier's demurrer without leave to amend.  Id. at 12.  The court concluded that Plaintiff's complaint (1) failed to state facts sufficient to constitute a cause of action; (2) failed to allege that Plaintiff exhausted his administrative remedies; and (3) failed to join a necessary and indispensable party.  Id.  On July 30, 2010, the court issued an "Order Dismissing Entire Action," which dismissed Plaintiff's action with prejudice.  Id. at 15.

   2. Fresno County Superior Court Case No. 09CESC02818

On December 1, 2009, Plaintiff filed a small claims case against Frontier and Clark in Fresno County Superior Court.  Id. at 18.  In the action, Plaintiff alleged that on October 22, 2009, Frontier failed "to adhere to Express Contract for Auto Rental" when his truck was impounded by the Fresno Police Department and stored by Frontier.  Id. at 26.  Plaintiff also alleged that his state and federal constitutional and statutory rights were violated when the Fresno Police Department impounded his truck and Frontier failed to return his impounded truck.  Id. at 27.

The court held a small claims trial on February 18, 2010 and issued its ruling the same day.  Id. at 26.  The court ruled in favor of Frontier and Clark, concluding that Frontier lawfully impounded Plaintiff's truck and did not violate his state and federal constitutional and statutory rights.  Id. at 27.  Specifically, the court found that "(1) plaintiff was driving the truck; (2) plaintiff was on a public highway; (3) plaintiff was unlicensed; (4) and plaintiff's vehicle was lawfully impounded pursuant to Vehicle Code section 22651(p)."  Id. at 29.

   3. The Current Lawsuit

On October 1, 2010, Plaintiff filed the SAC against The City, Frontier, Clark, Dyer and Officer Pantages.  In the SAC, Plaintiff again alleges claims for replevin and for violations of his

---

[1]  In connection with their motion to dismiss, Frontier and Clark filed a request for judicial notice of various court filings from Fresno County Superior Court Case No. 09CECG04326 and Case No. 09CESC02818.  (Doc. No. 32-2.)  The Court "may take judicial notice of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The documents at issue here are public court filings in state court lawsuits.  Therefore, judicial notice of these documents is taken.

state and federal constitutional and statutory rights.  Plainitff's claims arise from the same October 22, 2009 towing and impoundment of his truck.

**LEGAL STANDARD**

A defendant may raise the affirmative defense of res judicata by motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).  "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Id. at 908.  "If, in evaluating a motion to dismiss on res judicata grounds, disputed issues of fact are raised, the defense cannot be resolved." Takahashi v. Farmers Ins. Group-Merced Office, No. 09-CV-01668-OWW-SMS, 2010 WL 842723, at *3 (E.D. Cal. Mar. 10, 2010) (citing Kuhlmann, 746 F.2d at 1378).

**DISCUSSION**

"Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738." Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) (citation omitted).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citation omitted).  "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  Thus, in order to determine the preclusive effect of a California state court decision, the Court applies California law.  Kay v. City of Ranchos Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007).

Under California law, res judicata applies if (1) the previous adjudication was final and on the merits; (2) the current dispute involves the same claim or cause of action; and (3) the party

against whom res judicata is being asserted against was a party or in privity with a party in the first proceeding.  Id.; Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 577 (2010).  A judgment in small claims court is final and res judicata precludes future actions on the same claim or cause of action.  Sons v. McManis, No. CIV F 08-0840 AWI TAG, 2010 WL 118391, at *7 (E.D. Cal. Jan. 8, 2010) (citing Sanderson v. Niemann, 17 Cal. 2d 563, 573 (1941)).

In order to determine whether the same claim or cause of action is at issue, California courts employ the primary rights theory.  Manufactured Home Communities, 420 F.3d at 1031.  "[U]nder the primary rights theory, the determinative factor is the harm suffered."  Villacres, 189 Cal. App. 4th at 577.  "As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered[.]"  Id.  Thus, "a claim arises from the harm suffered, as opposed to the particular theory of the litigant.  Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief."  Peterson v. Highland Music, Inc., 140 F.3d 1313, 1322 (9th Cir. 1998).

Defendants argue that the present action should be dismissed because of res judicata.  On February 18, 2010, in Plaintiff's small claims case against Frontier and Clark, the Fresno County Superior Court issued a final judgment on the merits.  Thus, for purposes of res judicata, the only question is whether this case involves the same claim or cause of action as Plaintiff's small claims case.

It is readily apparent that this case and Plaintiff's small claims case involve a single primary right.  Both cases arise from the same October 22, 2009 towing and impoundment of Plaintiff's truck.  The two cases involve the same injury to Plaintiff and constitute the same cause of action under California law.  Therefore, the small claims court judgment poses a res judicata bar to this federal action.  In light of this conclusion, it is unnecessary to address any other argument presented by Plaintiff or Defendants.

## CONCLUSION

Accordingly, it is hereby ORDERED that the Rule 12(b)(6) motion of the City, Dyer and Officer Pantages and the Rule 12(b)(6) motion of Frontier and Clark are GRANTED.  Since any

amendment to Plaintiff's SAC would be futile, Plaintiff's SAC is DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated:   February 7, 2011                              _____
                                                       CHIEF UNITED STATES DISTRICT JUDGE