IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRY HALAJIAN, ) | | 1:10-CV-01358 AWI DLB |
| ) | | |
| Plaintiff, ) | | ORDER DENYING PLAINTIFF'S |
| ) | | MOTION FOR |
| v. ) | | RECONSIDERATION |
| ) | | |
| THE CITY OF FRESNO, et al., ) | | [Doc. #47] |
| ) | | |
| Defendants. ) | | |
| ) | | |

## INTRODUCTION

On February 7, 2011, the Court issued an Order re: Motions to Dismiss ("order"), dismissing Plaintiff Barry Halajian's Second Amended Complaint with prejudice and without leave to amend. In the order, the Court concluded that Plaintiff's case was barred under the doctrine of res judicata. On February, 16, 2011, Plaintiff filed a motion for reconsideration of the Court's order. For the reasons that follow, Plaintiff's motion will be denied.

## LEGAL STANDARD

A motion for reconsideration is appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A reconsideration motion should not merely present arguments previously raised, or which could have been raised

in a previous motion. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

## DISCUSSION

In his motion for reconsideration, Plaintiff merely presents arguments that were previously raised. Plaintiff has again contended that res judicata does not apply to the present case. Plaintiff states that his February 18, 2010 small claims case in Fresno County Superior Court was for "rents due" and that there was never a trial on his claim for replevin. Motion at 2:11-19. Further, Plaintiff states that he was precluded from appealing from the small claims case. Id. at 2:15-16.

Plaintiff misunderstands the law. Under California law, res judicata applies if (1) the previous adjudication was final and on the merits; (2) the current dispute involves the same claim or cause of action; and (3) the party against whom res judicata is being asserted against was a party or in privity with a party in the first proceeding. Kay v. City of Ranchos Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007); Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 591-92 (2010); Takahashi v. Farmers Ins. Group-Merced Office, No. 09-CV-01668-OWW-SMS, at *4 (E.D. Cal. Mar. 10, 2010); Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 531 (2008).

California Code of Civil Procedure § 116.710 states that a "plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff's claim." Therefore, a judgment in small claims court is *final* and res judicata precludes future actions on the same claim or cause of action. Sons v. McManis, No. CIV F 08-0840 AWI TAG, 2010 WL 118391, at *7 (E.D. Cal. Jan. 8, 2010) (citing Sanderson v. Niemann, 17 Cal. 2d 563, 573 (1941)).

Despite Plaintiff's contention, the application of res judicata does not depend on whether a particular legal theory was litigated in the prior case. Res judicata precludes future actions on the same *claim* or *cause of action* as the prior case. In order to determine whether the same claim or cause of action is at issue, California courts employ the primary rights theory. Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005). "[U]nder the primary rights theory, the determinative factor is the harm suffered." Villacres, 189 Cal. App. 4th at 577. Thus, "a claim arises from the harm suffered, *as opposed to the particular theory* of

the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." Peterson v. Highland Music, Inc., 140 F.3d 1313, 1322 (9th Cir. 1998) (emphasis added).

Thus, although replevin was not litigated in Plaintiff's small claims case, the small claims case and this case involve the same primary right. As discussed in the Court's prior order, both cases arise from the same October 22, 2009 towing and impoundment of Plaintiff's truck. Since both cases involve the same harm to Plaintiff, the small claims court judgment poses a res judicata bar to this federal action.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   February 18, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

3